UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORGE DILLARZA and MARINO ARACLEO, on : Case No. 15-CV-4700
behalf of themselves and others similarly situated, : (CLP)
:
Plaintiffs, :
:
-against- :
:
D & M SMOKED FISH, INC. d/b/a HAIFA SMOKED :
FISH, HAIFA SMOKED FISH, INC. d/b/a HAIFA :
SMOKED FISH, DMITRIS YAKUBBAYEV, and :
ARCADI MARCOVICH, :
:
Defendants. :
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between named plaintiffs Jorge Dillarza and Marino Aracleo, as well as opt-in plaintiffs Patricia Sanchez-Texis and Judith Flores (hereinafter referred to as "Plaintiffs" or "Releasors"), and D & M Smoked Fish, Inc., and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Dmitris Yakubbayev, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees").[1]

WHEREAS, on August 11, 2015, plaintiffs Jorge Dillarza and Marino Aracleo filed suit for damages titled *Jorge Dillarza and Marino Aracleo, on behalf of themselves and others similarly situated v. D & M Smoked Fish, Inc. d/b/a Haifa Smoked Fish, Haifa Smoked Fish, Inc.*

---

[1] Plaintiffs' claims against defendants Haifa Smoked Fish, Inc. and Arcadi Marcovich were previously dismissed by stipulation.

*d/b/a Haifa Smoked Fish, Dmitris Yakubbayev, and Arcadi Marcovich,* in the United States District Court for the Eastern District of New York, Civil Action No. 15-CV-4700 (CLP) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, opt-in plaintiffs Patricia Sanchez-Texis and Judith Flores filed proper Consent to Join & Opt-In forms consenting to their participation in the action and, in accordance therewith, designated the named plaintiffs as their agents to make all decisions concerning the litigation, and agreed to the disbursement of attorneys' fees and costs in connection with the litigation; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the parties to this Agreement wish to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiffs' claims in the Complaint, without the time, uncertainty, and expense of further litigation;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and the Defendants hereby agree as follows:

### A.   Settlement Payment

1.   In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiffs the total settlement

amount of Seventy-Five Thousand Dollars ($75,000.00) ("Gross Settlement Amount"), which shall be paid in accordance with the below schedule:

- First Payment (within ten (10) calendar days of the later of the Court's approval and the dismissal of action): $6,250 payable as follows:
  - One (1) check payable to "Jorge Dillarza" in the amount of $833.34 minus applicable withholdings for employee contributions to federal, state and local payroll taxes and income taxes, for which the Defendants will issue an itemized paystub to Plaintiff at the time of payment, and subsequently, an IRS Form W-2.
  - One (1) check payable to "Jorge Dillarza" in the amount of 833.33, from which no withholdings will be deducted, and for which the Defendants will subsequently issue to Plaintiff an IRS Form 1099.
  - One (1) check payable to "Marino Aracleo" in the amount of $500.00 minus applicable withholdings for employee contributions to federal, state and local payroll taxes and income taxes, for which the Defendants will issue an itemized paystub to Plaintiff at the time of payment, and subsequently, an IRS Form W-2.
  - One (1) check payable to "Marino Aracleo" in the amount of 500.00, from which no withholdings will be deducted, and for which the Defendants will subsequently issue to Plaintiff an IRS Form 1099.
  - One (1) check payable to "Patricia Sanchez-Texis" in the amount of $333.34 minus applicable withholdings for employee contributions to federal, state and local payroll taxes and income taxes, for which the Defendants will issue an itemized paystub to Plaintiff at the time of payment, and subsequently, an IRS Form W-2.
  - One (1) check payable to "Patricia Sanchez-Texis" in the amount of 333.33, from which no withholdings will be deducted, and for which the Defendants will subsequently issue to Plaintiff an IRS Form 1099.
  - One (1) check payable to "Judith Flores" in the amount of $416.67 minus applicable withholdings for employee contributions to federal, state and local payroll taxes and income taxes, for which the Defendants will issue an itemized paystub to Plaintiff at the time of payment, and subsequently, an IRS Form W-2.

> One (1) check payable to "Judith Flores" in the amount of $416.66, from which no withholdings will be deducted, and for which the Defendants will subsequently issue to Plaintiff an IRS Form 1099.

> One (1) check payable to "Cilenti & Cooper, PLLC" in the amount of $2,083.33, for which the Defendants will subsequently issue an IRS Form 1099.

- Payments 2-12: Payments two (2) through twelve (12) shall be made on the same day of the subsequent month in eleven consecutive monthly installments in the same amounts as the First Payment.

2. The settlement payments described in Paragraph A(1) shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the parties, including but not limited to those arising from, involving, or relating to Plaintiffs' claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, interest, expenses and costs. The payments set forth in Paragraph A(1) shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be <u>received</u> no later than the dates indicated above.

B. **Default**

In the event that the Defendants fail to make the settlement payments within five (5) calendar days of the deadlines in paragraph (A)(1) of this Agreement, Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: David Kleinmann, Esq., Tarter Krinsky & Drogin, LLP, 1350 Broadway, New York, New York 10018, Facsimile (212) 216-8001, dkleinmann@tarterkrinsky.com. The Defendants will then have fifteen (15) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 16th day following receipt of said notice, together with liquidated damages in the amount of

4

$7,500, with interest to commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement at the time of the default. Plaintiffs shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to the Defendants to have judgment entered against the Defendants as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

C. **Wage & Hour Release by Plaintiffs**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants, and the present and former employees, owners (including Arcadi Marcovich), shareholders and consultants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, failure to give WTPA notices, improper pay stubs, service charges and retained gratuities during any Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this

Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date, or any non-wage and hour claims.

D. **Agreement To Refrain From Filing Wage and Hour Claims**

Plaintiffs represent that they have not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiffs also agree that, so long as the Defendants make full payment as set forth in this Agreement, they will not bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agree, further, not to permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

F. **Response to Subpoena**

Plaintiffs agree that, in the event they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise), which in any way relates to the Defendants, Plaintiffs' prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiffs will, to the extent reasonably possible, cooperate with the party issuing the subpoena to appear and give testimony as so requested. In the event that the party issuing the

subpoena is someone other than the Defendants or the Defendants' attorneys, Plaintiffs agree to give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

G.  **Representations and Acknowledgements**

1. Plaintiffs represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for the Defendants. Plaintiffs further represents that:

   (a) They have reviewed each and every provision of this Agreement;

   (b) The Agreement has been explained to them by their attorneys in their native Spanish language;

   (c) That this Agreement appears to them to have been written in a manner calculated to be understood by them; and,

   (d) They do in fact fully understand this Agreement, including the release of claims.

2. Plaintiffs also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

3. Plaintiffs further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

H. **Non-Admissions**

1. Plaintiffs understand that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiffs understand that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiffs' claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiffs or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiffs have suffered any damage. Additionally, Plaintiffs agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

J.  **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

K.  **Counterparts**

To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: ___Jorge Dillarza P___
Jorge Dillarza

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF NEW YORK )

On the 18th day of October 2016, before me personally came Jorge Dillarza to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 18th
day of October 2016

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _____
Marino Aracleo

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 14th day of October 2016, before me personally came Marino Aracleo to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 14th
day of October 2016

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

By: _____
Patricia Sanchez-Texis

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 8th day of October 2016, before me personally came Patricia Sanchez-Texis to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this 18th
day of October 2016

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

11

By: _____
Judith Flores

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK  )

On the 18th day of October 2016, before me personally came Judith Flores to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that she executed the same.

Sworn to before me this 18th
day of October 2016

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _____
Dmitris Yakubbayev

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

On the 19th day of October 2016, before me personally came Dmitris Yakubbayev to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 19th day of October 2016

HAGIT FEDER
Notary Public, State of New York
No. 01FE6270187
Qualified in Queens County
Commission Expires Oct. 15, 2016 2020

Notary Public

D & M Smoked Fish, Inc.

By: _____

PR Dmitriy Yakubbayev
[Print Name and Title]

13