UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JORGE DILLARZA and MARINO ARACLEO,
on behalf of themselves and others similarly
situated,

                            Plaintiffs,

        -against-

D&M SMOKE FISH, INC. d/b/a HAIFA SMOKED
FISH, HAIFA SMOKE FISH, INC. d/b/a HAIF A
SMOKED FISH, DMITRIS YAKUBBAYEV, and
ARCADI MARCOVICH,

                            Defendants.

------------------------------------------------------------- x

**ORDER**
15 CV 4700 (CLP)

**POLLAK**, United States Magistrate Judge:

On August 11, 2015, Jorge Dillarza ("Dillarza") and Marino Aracleo ("Aracleo") (collectively, "plaintiffs"), on behalf of themselves and other similarly situated employed, commenced this action against D&M Smoked Fish, Inc. d/b/a Haifa Smoke Fish, Haifa Smoked Fish, Inc. d/b/a Haifa Smoke Fish, Dmitris Yakubbayev, and Arcadi Marcovich (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On November 9, 2015, the parties consented to proceed before the undersigned for all further proceedings. On February 23, 2016, Patricia Sanchez-Texis ("Sanchez-Texis") consented to become a plaintiff in the collective action. On July 14, 2016, Judith Flores ("Flores") consented to become a plaintiff in the collective action. On September 7, 2016, the parties notified the Court that they had reached an agreement in principle to resolve all claims. On October 19, 2016, plaintiffs' counsel filed a letter on behalf of the parties seeking the Court's

approval of the settlement. (See Pls'. Ltr.[1]). In light of the Second Circuit's decision in Cheeks v. Freeport Pancake House, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199, 206 (2d Cir. 2015); see also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1947). Accordingly, the parties submitted the settlement agreement and plaintiffs' counsel's billing statements, and on October 26, 2016, a fairness hearing was held before the undersigned.

Plaintiffs' letter, which was filed with defendants' consent, asserts that the proposed settlement of plaintiffs' claims for $75,000 is fair and reasonable.[2] According to the parties, plaintiffs claimed that they were non-exempt laborers for defendants during the statute of limitations period and consistently worked greater than 40 hours per week but did not receive overtime compensation. (Id. at 2-4). Plaintiff Dillarza alleged that he worked between 58 and 66 hours per week (id. at 2); plaintiff Aracleo alleged that he also worked between 58 and 66 hours per week (id. at 2-3); plaintiff Sanchez-Texis alleged that she worked approximately 70 hours per week (except for a nearly two-year period following the birth of her child)[3] (id. at 3); and plaintiff Flores alleged that she worked between 48 and 58 hours per week. (Id. at 3-4).

While plaintiffs would be entitled to an amount greater than what they will receive in the

---

[1]Citations to "Pls.' Ltr." refer to plaintiffs' letter, filed on October 19, 2016.

[2]The parties informed the Court at the fairness hearing that plaintiff Dillarza will receive $20,000 in the settlement; plaintiff Aracleo will receive $12,000; plaintiff Sanchez-Texis will receive $8,000; and plaintiff Flores will receive $10,000. Payment is to be made in 12 equal and consecutive monthly installments starting within 10 calendar days of dismissal of the case. (Pls.' Ltr. at 4). These numbers were calculated on a pro rata bases of the total settlement amount, which was calculated based on a "middle ground" number of the total hours the parties allege that plaintiffs worked. (Id. at 5).

[3]The parties dispute when plaintiff Sanchez-Texis returned to work. While they agree that she stopped working in December 2011, plaintiff Sanchez-Texis contends that she returned to work in August 2013, while defendants argue that she did not return until January 2014. (Pls.' Ltr. at 5-6).

settlement if they ultimately prevailed on the merits, they acknowledge first that the number of hours they worked is disputed. (Id. at 5). While plaintiffs have no records of the hours they worked or the compensation they received, defendants produced "voluminous" wage and hour records that reflect that plaintiffs did not always work 6 or 7 days per week as they claim. (Id.) Rather, the records reflect that plaintiffs often worked 3, 4, or 5 days per week and, accordingly, plaintiffs may have either worked less than 40 hours in some weeks (and therefore would not be entitled to overtime pay during those weeks), or worked greater than 40 hours but fewer than the hours that they claimed to have worked (and therefore would be entitled to less overtime compensation than they seek). (Id.) While plaintiffs dispute the veracity of defendants' records, they acknowledge that the records appear to have been created contemporaneously and that contesting their accuracy to a factfinder would be difficult. (Id.)

Additionally, while plaintiffs acknowledge receiving 45-minute breaks during their shifts, defendants claim that they received 60-minute breaks. (Id.) If a factfinder found that plaintiffs took 60-minute breaks during their shifts, the damages plaintiffs would be entitled to recover would be reduced accordingly. (Id.) Moreover, defendants' records reveal that the factory plaintiffs worked in was closed for approximately six months in 2010 and 2011, which plaintiffs do not dispute. (Id. at 6).

Finally, due to the pendency of another case brought in this district under the FLSA against defendants, see Velazco-Rojas v. D&M Smoked Fish, Inc., No. 15 CV 4213, plaintiffs are concerned that defendants' finances are such that plaintiffs might have difficulty in collecting on any judgment that may be obtained in this matter, particularly if the other matter were resolved first. (Pls.' Ltr. at 6).

Accordingly, the parties believe that the settlement permits plaintiffs to receive a "significant" portion of their unpaid wages and also allows the parties to avoid the risks of trial.

(Id.)

As to attorneys' fees and costs, the parties have indicated that plaintiffs' counsel will receive a total of $25,000 (calculated as one-third of the settlement amount).[4] (Id. at 8). Plaintiffs submitted contemporaneous time records reflecting the hours worked by counsel. Plaintiffs contend that the amount is reasonable because a fee of one-third of the settlement amount is generally accepted in this district and because the amount is approximately 1.31 times greater than plaintiffs would otherwise be entitled to if they were to apply for fees using the standard lodestar method that is generally applied on motions for attorneys' fees, which is within the range of multipliers deemed to be reasonable in similar FLSA cases in this circuit. (Id. at 6-9).

Having reviewed plaintiffs' submission and conducted a fairness hearing with the parties, the Court finds the settlement and amount allocated to attorneys' fees as indicated in plaintiffs' letter to be fair and reasonable under all the factors and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 27, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[4]Plaintiffs' counsel informed the Court at the fairness hearing that he is not seeking compensation for any costs or expenses incurred.

4